UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Danielle M. Duguay

    v.                                                            Case No. 19-cv-1103-LM

RBS Citizens Financial Group
Dennis Cote


**REPORT AND RECOMMENDATION**

    Plaintiff Danielle M. Duguay, appearing pro se, has sued RBS Citizens Financial Group ("RBS Citizens") and RBS Citizens loan officer Dennis Cote, alleging fraudulent conduct in connection with her 2009 mortgage loan.[1]  See Complaint (Doc. No. 1).  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  For the reasons that follow, the district judge should dismiss this lawsuit because the court lacks subject matter jurisdiction.

**Preliminary Review Standard**

    The magistrate judge conducts a preliminary review of pleadings, like Duguay's, which are filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the

---

[1] Plaintiff originally named RBS Citizens general counsel Stephen T. Gannon as a defendant. He was subsequently dismissed by agreement of the parties (Doc. No. 3).

district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background[2]

Plaintiff obtained a mortgage loan from RBS Citizens in 2009.  She asserts that Cote illegally transferred the loan to an investment rather than the mortgage company and that her mortgage payments were never applied to the mortgage.  In July 2017, Duguay realized that she had been the victim of wrongful

---

[2] The facts recited in this section are drawn from the complaint (Doc. No. 1) and documents attached thereto.  See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

eviction, foreclosure and loan fraud as a result of RBS Citizens' and Cote's actions.[3]  Plaintiff seeks compensatory and punitive damages.

## Analysis

Construed liberally, plaintiff alleges that she is a victim of common law fraud.[4]  Before turning to the substantive sufficiency of her allegations, however, the court must assess whether it has subject matter jurisdiction over plaintiff's suit.  See Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case.").

---

[3] According to the public record, plaintiff's home was sold at foreclosure on June 15, 2015 and transferred by foreclosure deed on July 23, 2015.  Registry of Deeds, Carroll County, New Hampshire, Book 3215, Page 163.  See Nationstar Mortg. LLC v. Galvin, Civ. No. 4:17-cv-40123-DHH, 2019 WL 1959862 , at *4 n.2 (D. Mass. May 2, 2019) (taking judicial notice of property conveyances recorded in the local registry of deeds).

[4] In her complaint, plaintiff alleges that the defendants have violated New Hampshire and federal criminal statutes.  As these laws do not provide a private right of action, the court construes the allegations in her complaint according to common law principles.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

A.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The plaintiff has the burden to establish the court's jurisdiction.  Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000.  See id. at § 1332(b).

1.  Federal Question Jurisdiction

Plaintiff relies on federal criminal statutes -- 18 U.S.C. §§ 1001 et seq. – as a basis for federal question jurisdiction. As previously noted, however, these statutes do not create a basis for a federal court's subject matter jurisdiction over a civil lawsuit.  See supra, n.4.

4

2. Diversity Jurisdiction

To establish diversity jurisdiction, plaintiff must show that the parties are citizens of different states and that the amount in controversy is more than $75,000.  See 28 U.S.C. § 1332.  "[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.'  This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."  Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (citations omitted).  Here, the face of the complaint indicates that both plaintiff and defendant Cote are New Hampshire citizens.  These allegations fail to satisfy the requirement of diversity jurisdiction.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss it for lack of subject matter jurisdiction.[5]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed.

---

[5] The court also notes that the acts complained of in the complaint took place in 2009 and 2015.  This suit was filed in October 2019, well outside of New Hampshire's three-year statute of limitations. See N.H. Rev. Stat. Ann. § 508:4, I (providing three-year statute of limitations for all personal actions).

5

R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                      */s/ Andrea K. Johnstone*
                                      Andrea K. Johnstone
                                      United States Magistrate Judge

December 13, 2019

cc:  Danielle M. Duguay, pro se